## SHUSHAN BROS. & CO., Inc., v. HINSON.
## No. 1304.

*Court of Appeal of Louisiana. First Circuit. May 8, 1934.*

S. S. Reid, of Amite, for appellant.

Burns & Pierson, of Ponchatoula, for appellee.

ELLIOTT, Judge.

Shushan Bros. & Co., Inc., claims of W. S. Hinson $200.68 as the balance due on account with interest.

Hinson for answer denies owing plaintiff. He admits buying goods on credit, but alleges: That he bought certain sweaters, subject to the right to return them, if it were found impossible to dispose of them during or before the strawberry season. That he was unable to dispose of 36 of the number, and had therefore returned them and was entitled to credit for $36, that being the price charged him therefor on said account. That on June 6, 1932, he sent plaintiff a check for $64.68, which, added to the price of the returned sweaters, made a payment of $100. That he subsequently sent plaintiff's attorneys a check for $100, thus paying the account in full. That on or about June 21, 1932, the checks were returned to him. The checks are said in the answer to be annexed to the answer and to be again tendered to the plaintiff. That plaintiff did not object to the checks on account of not being legal tender but only because it refused to allow a credit of $36 on account of the returned sweaters.

He prays that plaintiff's demand be rejected. There was judgment in favor of the plaintiff for $164.68, with interest.

The defendant has appealed. Plaintiff, answering the appeal, prays, that the judgment appealed from be amended by rejecting the credit of $36, allowed on account of the sweaters.

■ The record shows that the vice president of plaintiff made the sale of the sweaters together with an important lot of other merchandise to defendant at its place of business in New Orleans. The defendant was present personally acting. His wife was also present.

Plaintiff's vice president testifies that he did not agree that the sweaters or any part of them might be returned, as claimed by defendant.

Mr. Hinson testifies that he did enter into an agreement of the kind with him at the time of the sale. Mrs. Hinson testified substantially as did her husband.

Each of the witnesses had the same interest in the controversy. The judge of the lower court gave credit to Mr. and Mrs. Hinson, because he allowed a credit of $36 against the account sued on. No good reason appears why the action of the lower court on the subject should not be approved as correct. The credit, we think, was properly allowed.

■ The note of testimony shows that defendant offered in evidence the two checks said to be annexed to his answer, but they are not in the record. There is no question about the sending, the receipt, and return of the checks nor concerning the dates when same were issued, received, and returned. The representations in questions, propounded to plaintiff's vice president and the defendant about these checks, and their answers thereto, inform us about them to the extent that, taken in connection with their bearing on the question of tender and payment, no good reason appears for delay in acting on the appeal until they can be produced and placed in the record.

■ This suit was filed June 11, 1932, and service was made on defendant the following day. The check for $64.68 was dated June 6, 1932, and was forwarded to and received by the plaintiff the next day about the same time the sweaters were shipped back. This check was therefore received, together with a notice that the sweaters had been shipped back, three or four days before the suit was filed. The other check was dated June 15, 1932, and was mailed to plaintiff's attorneys three or four days after the suit was filed.

Plaintiff's attorneys returned the checks to defendant's attorney June 21, 1932, accompanied by a letter in which, among other things, they say: "These checks will not be accepted in full settlement." Defendant contends that this statement in this letter is a waiver on the part of the plaintiff of the formal payment and tender of payment provided by law, citing MacLeod v. Hoover, 159 La. 244, 105 So. 305; that the remittance by checks and dates of remittance were acceptable to plaintiff, the only objection being that the checks did not cover the amount, claimed on account of the returned sweaters and that the sweaters, having been properly returned for credit, the amount due plaintiff has been fully paid. Defendant claims that, if plaintiff had presented the checks for payment promptly when received, they would have

been both paid and, saving the costs of court that had been incurred, satisfied the account.

The evidence concerning the bank situation is indefinite, but enough appears to justify the conclusion that the bank on which they were drawn suspended payment and closed its doors after they were returned; just what amount may be retrieved some time from the bank cannot be predicted at this time. The defendant urges that the plaintiff should look to the checks that were sent it, and should bear whatever loss results from its failure to collect the checks promptly.

Plaintiff contends that the language in the letter from its attorneys to defendant's attorney is not a waiver of its right to demand payment in money and a tender of money as provided in the Civil Code, art. 2167 et seq. and Code of Practice, art. 404 et seq.

We do not think MacLeod v. Hoover, 159 La. 244, 105 So. 305, has application to the present case. Nor do we think the statement of plaintiff's attorneys in the letter heretofore mentioned should have the effect claimed by the defendant. It purports, we think, to be their own statement and not of their client, but the latter part of the letter may be taken to be a statement emanating from their client. We take the view that it was not the intention of plaintiff's attorneys to waive any of their client's legal rights. It appears to us that they intended nothing more than to give notice that their client would resist giving credit for the sweaters.

The waiver or abandonment of their client's existing valuable rights under the law on the part of attorneys by a statement of this kind, made out of court, although it has reference to a matter which may be subsequently brought before the court, not having been in our opinion intended, defendant's contention on the subject must be overruled. We place our ruling on the ground that no waiver was intended or results from the language used. But suppose such had been the intention, there would remain the question whether it would be binding on the plaintiff or be entitled to effect as depriving it of its existing rights under the law, when to enforce it as a waiver would result in the loss of its account. See Starkie on Evidence, vol. 2, subject, "Attorney," p. 136; Greenleaf, vol. 1, subject, "Admissions," § 186; Jones on Evidence, subject, "Admissions," § 258; Wigmore on Evidence, vol. 2, subject, "Pleadings, Attorneys, Admissions in General," § 1063, p. 1239.

It remains to be noted, that the suit had been filed and defendant cited before the last check was mailed, and it did not cover the costs of court incurred previous to the time it was mailed.

The judgment appealed from is in our opinion correct.

Judgment affirmed; defendant and appellant to pay the costs in both courts.